HARRIS, Judge.
Rellim Construction Company, Inc. (Rel-lim) contracted with Flagler County (County) to erect prefabricated buildings at the Flagler County Airport. The contract provided that the improvements would be completed within 150 days or else liquidated damages in the amount of $500 per day would accrue for each unexcused additional day.
During the project, Rellim asked for an extension of six days[1] to complete the project (because of confusion over the design grades and because of an abnormal amount *22 of rain), and County’s architect recommended approval of the extension request. Thereafter, the architect certified substantial completion and, after Rellim completed all punchlist items, certified that final payment was due.
When County failed to pay in accordance with the contract terms, Rellim filed this action for the $83,653 remaining due. County then paid all but $12,000, claiming that amount should be withheld because of the six-day time delay and because Rellim failed to complete the punchlist and failed to provide the “as-built” drawings. Almost three months after the law suit was filed, and at the request of County, the architect revised its recommendation so that the six-day extension was denied. The architect’s change of mind was because:
Rain extensions are allowed if the amount of rain exceeds the monthly average. No documentation was produced to substantiate excessive rain, therefore, no time extension was allowed.
The architect did not explain why its original additional basis for recommending the extension (confusion over design grades) was no longer valid. Rellim had been directed to modify the grades and, after doing so, the design was changed back to the original. But, more importantly, we believe that the architect’s recommendation to deny the extension because of the rain delay, for the reasons given, was inappropriate, unduly prejudicial because of its timing and should not be permitted.
The architect was, after all, County’s representative on the job site. Upon the original request for the extension, the architect should have required such documentation as it deemed necessary to make its recommendation. Apparently because it was familiar at the time with the rainfall, it required no documentation and felt confident with its recommendation. Much later, long after the law suit was filed and positions had altered, to permit the architect to change its recommendation because there had been no documentation of abnormal rainfall (not because, in fact, there had been no abnormal rainfall) after the architect had essentially waived such documentation would be inequitable. We reverse the judgment insofar as it permits liquidated damages for this delay.
County did not raise a breach of warranty claim until an amendment was filed six months after the filing of the original action. The trial court found, and we agree, that there was insufficient evidence to prove the amount of damages caused by the alleged warranty breach. The court, however, assessed damages anyway in the exact amount it awarded Rellim for its contract damages so that a complete set-off was achieved. We find no competent evidence in the record to justify this amount of damages. We, therefore, reverse the judgment and remand for entry of judgment in favor of Rellim for its contract damages, interest, attorney’s fees and costs in this action.
REVERSED and REMANDED.
DIAMANTIS, J., and STROKER, R.J. Associate Judge, concur.

. Additional extension time was also given but those days are not in contention.